WILLIAM LINDLEY and another *v.* SAMUEL J. HAGENS.
THE SAME *v.* CYRUS GREEN.

Notice of the time and place of taking the deposition of a witness about leaving the State, left at the office of the attorney of record, during the absence of the latter from State, with a white person over fourteen years of age, is sufficient.

A non-resident debtor arrested under the 2d section of the act of 28th March, 1840, having been released on executing a bond, in pursuance of the first section of the amendatory act of the same date, with surety, the condition of which was that he should not depart from the State within three months without leave of the court, on a rule against the bail to show cause why he should not be condemned to pay the the amount of the judgment, it was proved that the debtor had left the State within the three months, and that a *fi. fa.* against him had been returned *nulla bona,* but

that he was present in court on the trial of the case, and offered to surrender himself in discharge of his bail, *Held*, that the offer to surrender cannot avail the surety, as, since the acts of 1840, no officer had authority to take the principal into custody on such surrender ; and that the departure of the latter from the State, within the three months, and the return of a *fi. fa.* against him unsatisfied, fixed the liability of the surety.

APPEALS, from the District Court of the First District, *Buchanan*, J.

*J. C. Clarke* and *Preston*, for the plaintiffs.

*Roselius* and *R. H. Chinn*, for the appellants.

BULLARD, J. These two cases have been submitted together, and as one is supposed to depend in some measure on the other, it is agreed they shall be decided at the same time.

The first is an action against Hagens, to recover back from him a part of an advance made by the plaintiffs upon a lot of bacon shipped to New York, on the allegation that it sold for a considerable amount less than the sum of $2,400, which had been advanced. In this action, Green, who is appellant in the other case, was the defendant's surety on the bail bond, taken in pursuance of the act of 1840 (See B. & C.'s Digest, 475. No. 16, sec. 1), and judgment having been recovered of the principal, and no property found, a rule was taken on the surety, and on proof that the principal had left the State within three months, and thus broken the condition of the bond, judgment was rendered against the surety, and he appealed.*

Our first enquiry, therefore, is, whether there be any error in the judgment against Hagens.

Among the points filed by the counsel for the appellants is one, that testimony was erroneously admitted ; and thus, our attention is directed to two bills of exceptions in the record ; the first to the admission of the testimony of Lindley, a going witness, taken before a city judge, objected to on the ground that it was taken without notice to the party. The record shows that notice of the time and place of taking the deposition was given, by leaving a written notice at the office of the attorney of record of the defendant, in the hands of a young

---

* Hagens appealed from the judgment against him.

man over fourteen years of age, in the absence of Mr. Chinn.*
This notice appears to us sufficient, and the court did not err in
admitting the deposition.

The second bill shows, that a similar objection was made to
the deposition of Gribble, taken before another city judge.   The
notice given by him, was served both at the dwelling-house and
at the office of the counsel.   The letters annexed to the deposi-
tion, from the consignees of the bacon in New York to the
plaintiffs, were, perhaps, not legal evidence against the defend-
ant, Hagens, and were offered only to rebut, after the defendant
had closed his evidence; but if these letters were rejected alto-
gether, it would not vary the result.

Upon the merits it is satisfactorily shown that the plaintiffs,
who were the shippers of the bacon for the account of the de-
fendant, and who had made the advance, paid their correspond-
ents in New York, who it appears rendered an account of sales
to the defendant himself, the difference between what the sales
produced and the amount advanced by them on a bill drawn
upon the consignment.   We see nothing unfair in the transac-
tion. It was the misfortune of the owner, who ordered the ship-
ment, that the article had fallen in price, and was somewhat
deteriorated in quality.   The judgment must, therefore, be af-
firmed.

And this brings us to the second case, which is a rule upon
the bail.

The order of arrest was obtained on an affidavit, as required
by the act of 1840 (sec. 2, B. & C.'s Digest, p. 472), and the con-
dition of the bond subscribed by Green was, that the defendant
should not depart from the State within three months, without
the leave of the court.   The rule on the surety to show cause
why he should not be condemned to pay the amount of the judg-
ment against Hagens, is founded on the allegation that a writ
of *fieri facias* had been returned *nulla bona*, and that the condi-
tion of the bond had been broken by the departure of Hagens
from the State, within three months from its date.   Green, the

---

* R. H. Chinn, Esq., the counsel, was absent from the State, and the notice was left
with Mr. H. C. Chinn.

defendant in the rule, filed a written answer, in which he admits the execution of the bond, but avers that Hagens, the principal, was present in open court upon the trial of the suit, and then and there surrendered himself in discharge of his bail, and of the obligation of the respondent; and that he has since remained within the jurisdiction of the court ; and he further says, that if Hagens has been at any time temporarily absent from the State, no damage or injury has thereby accrued to the plaintiffs, and that the bond contains stipulations not authorized by law.

It is obvious that the plea, that Hagens had surrendered his person in discharge of his bail, cannot avail the surety, because, since the promulgation of the act to abolish imprisonment for debt, no officer had any authority to take him in custody on such surrender. The only remaining question on the merits is, whether the departure of the defendant from the State within three months, in violation of the condition of the bond, fixed the the liability of the bail.

It is admitted by the defendant's counsel, that Hagens left the State, but returned after the three months had expired ; and it is shown that he afterwards lived in Louisiana. The counsel urge that as the law stood previously, the condition of the bail bond was that the defendant should not depart the State without the leave of the court, and yet it had been ruled that such departure did not render the surety liable, but that he might discharge himself at any time before judgment against the bail, and was released by the death of the principal. This is true, but under that system the condition of the bond was essentially modified by articles 230 and 231 of the Code of Practice, which authorised the bail to discharge himself, by surrendering his principal to the sheriff at any time before his liability should be fixed by a judgment against himself; and for that purpose article 233 authorised him to take out a bail-piece, if the principal would not voluntarily surrender himself. The opinion of the court under that state of the law, was formed by taking all these provisions together. But at present there can be no surrender, and no bail-piece can be issued, in as much as the *capias ad satisfaciendum* has been abolished. The condition of the bond as presented by the statute is simply, that the defendant shall not

leave the State without the leave of the court, and is not, in our opinion, controlled by any other provisions. " *Cessante ratione cessat et ipsa lex.*"

But it is further contended, with great plausibility, that according to this construction, the surety of a fraudulent debtor, arrested under the 10th section of the act of 1840, whose fraud is proved, is only liable for the debt in case the debtor shall have departed from the State ; and that it can hardly be supposed the legislature intended to place the bail of the unfortunate, on the same footing as to the condition of his liability, with that of fraudulent debtor, and that no injury accrues to the creditor by the temporary departure of the debtor, provided he returns so that the creditor can proceed against him for a forced surrender. This argument would have greater force if the principal debtor was a citizen of the State, against whom proceedings might be taken for a forced surrender. It is only residents within the State, who, under the 4th section of the act, could be compelled to make a surrender. With respect to a non-resident, as the defendant Hagens was, such a bond would be quite nugatory, if it were not held to be absolutely forfeited by the departure of the principal, at least after a return of *nulla bona* on execution against the principal. When the law has not distinguished, we cannot. The bail of the fraudulent debtor is, perhaps, absolutely liable, without regard to the ability of the principal to pay the judgment against him.

It is, therefore, ordered and decreed, that both judgments be severally affirmed with costs.